**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**


MARY ELLEN MERIWETHER,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )          No. 4:13-CV-424-CDP
                                  )
BEVERLY HILLS GROCERY             )
AND LIQUOR, et al.,               )
                                  )
            Defendants.           )


**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court upon the application of Mary Ellen

Meriwether for leave to commence this action without payment of the required

filing fee.  *See* 28 U.S.C. § 1915(a).  Upon consideration of the financial

information provided with the application, the Court finds that plaintiff is

financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be

granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Furthermore, based upon a review of the complaint, the Court will order plaintiff

to show cause within thirty days as to why this action should not be dismissed as

time-barred.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks monetary relief in this employment discrimination action brought pursuant to 42 U.S.C. § 2000e-5 (Title VII).  The named defendants are the Beverly Hills Grocery and Liquor, Mike Sabbar, and Tim Sabbar.  Plaintiff

alleges that defendants discriminated against her on the basis of her race and gender.

## Discussion

Plaintiff filed the instant action on March 8, 2013. Her EEOC Right to Sue letter is dated June 12, 2012. As such, it appears that this action was filed beyond the ninety-day limitation period for filing a Title VII claim in federal court. *See* 42 U.S.C. § 2000e-5(f)(1). Before dismissing this action as untimely; however, the Court will afford plaintiff the opportunity to show cause as to why this action should not be dismissed as time-barred.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss her Title VII claims as time-barred.

Dated this 29th day of April, 2013.

_____
**UNITED STATES DISTRICT JUDGE**