UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY ELLEN MERIWETHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BEVERLY HILLS GROCERY ) <br> AND LIQUOR, et al., ) <br> ) <br> Defendant. ) | Case No. 4:13 CV 424 CDP |

## **MEMORANDUM AND ORDER**

Plaintiff Mary Ellen Meriwether sued her former employer, Beverly Hills Grocery and Liquor, as well as its owners Mike Sabbar and Tim Sabbar, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  In her *pro se* complaint, Meriwether alleged that, during her employment, the defendants subjected her to harassment, discrimination, and retaliation based on her race and sex.

In response, the defendants moved to dismiss Meriwether's petition for failure to timely file.  I already asked Meriwether to explain why she did not file her federal case within 90 days of receiving an EEOC right-to-sue letter dated June 12, 2012.  Meriwether stated that she never received this first right-to-sue letter because it was sent to an incorrect address.  Meriwether included documentation

supporting her contention, and I determined that she filed her federal-court petition within the 90-day period required by law. *See* Mem. & Order, dated May 29, 2013 (Doc. No. 7); *see also Baur v. Crum*, 882 F. Supp. 2d 785, 799 (E.D. Pa. 2012) (suit permitted where right-to-sue letter was sent to incorrect address); *Hawthorne v. Reily Foods Co.*, 01CV1405, 2001 WL 902596, at *2 (E.D. La. Aug. 9, 2001) (same).

In addition, the defendants have moved to dismiss Meriwether's Title VII termination and failure-to-promote claims and all of her race-related claims, as well as all claims against the individual defendants, for failure to exhaust administrative remedies. Meriwether does not object to dismissing these claims. In fact, Meriwether – now represented by counsel – has moved to file an amended complaint without these claims. The defendants have not responded to that motion.

As such, I will grant Meriwether's motion to amend her complaint and deny the defendants' motion to dismiss. I will deny part A of defendants' motion because I have already found this action was timely filed. I will deny as moot parts B, C, and D of the motion because plaintiff has voluntarily dismissed the claims to which the defendants object.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#16] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file her first amended complaint [#24] is granted.  The complaint is deemed filed as of today.  Defendants shall file an answer no later than **November 11, 2013**.

This case will be set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2013.